MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Joseph Garcia, | No. CV 08-2297-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dr. Kenneth Jackimczyk, | |
| Defendant. | |

On December 16, 2008, Plaintiff Robert Joseph Garcia, who is confined in the Maricopa County Towers Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. In a January 16, 2009 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim and gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 19, 2009, Plaintiff filed a First Amended Complaint. In a March 3, 2009 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On April 7, 2009, Plaintiff filed a Second Amended Complaint (Doc. #8). The Court will dismiss the Second Amended Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

## II.     Second Amended Complaint

In his one-count Second Amended Complaint, Plaintiff sues Defendant Dr. Kenneth Jackimczy, alleging a violation of the Eighth Amendment regarding Plaintiff's medical care. Plaintiff claims that his hand was broken and placed in a splint. He saw Defendant Jackimczyk two months later and Defendant Jackimczyk removed the splint. Plaintiff alleges: "Dr. Jackimczyk said, my hand was still broke[n], but for it to heal as it's set. If we need to re-br[eak] it later that'll be costly." Plaintiff alleges that he has not had any followup appointments and continues to have pain in his hand.

## III.    Failure to State a Claim

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). However, not every claim by a pretrial detainee that he has received inadequate medical treatment states a violation of the Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or

1  the unnecessary and wanton infliction of pain and (2) the defendant's response was
2  deliberately indifferent. <u>Jett</u>, 439 F.3d at 1096 (quotations omitted).

3         To act with deliberate indifference, a prison official must both know of and disregard
4  an excessive risk to inmate health; the official must both be aware of facts from which the
5  inference could be drawn that a substantial risk of serious harm exists and he must also draw
6  the inference. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Deliberate indifference in the
7  medical context may be shown by a purposeful act or failure to respond to a prisoner's pain
8  or possible medical need and harm caused by the indifference. <u>Jett</u>, 439 F.3d at 1096.
9  Deliberate indifference may also be shown when a prison official intentionally denies,
10 delays, or interferes with medical treatment or by the way prison doctors respond to the
11 prisoner's medical needs. <u>Estelle</u>, 429 U.S. at 104-05; <u>Jett</u>, 439 F.3d at 1096.

12        Deliberate indifference is a higher standard than negligence or lack of ordinary due
13 care for the prisoner's safety. <u>Farmer</u>, 511 U.S. at 835. "Neither negligence nor gross
14 negligence will constitute deliberate indifference." <u>Clement v. California Dep't of
15 Corrections</u>, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); <u>see</u> <u>also</u> <u>Broughton v. Cutter
16 Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
17 "medical malpractice" do not support a claim under § 1983). "A difference of opinion does
18 not amount to deliberate indifference to [a plaintiff's] serious medical needs." <u>Sanchez v.
19 Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is
20 insufficient to state a claim against prison officials for deliberate indifference. <u>See</u> <u>Shapley
21 v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985). The indifference
22 must be substantial. The action must rise to a level of "unnecessary and wanton infliction
23 of pain." <u>Estelle</u>, 429 U.S. at 105-06.

24        Plaintiff describes conduct by Defendant Jackimczyk that does not rise to the level of
25 deliberate indifference. Therefore, the Court will dismiss Defendant Jackimczyk and Count
26 One.
27 . . . .
28 . . . .

**IV.    Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and has been unable to do so despite specific instruction from the Court. Further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)    Plaintiff's Second Amended Complaint (Doc. #8) is **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)    The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 29th day of April, 2009.

David G. Campbell
United States District Judge